## NAPOLEON BUTLER *v.* THE STATE.

CRIMINAL PROCEDURE. *Special judge.*
> The statutory provision (Code 1871, § 536) for the selection by lot of a special judge from among the members of the bar, when the circuit judge is disqualified, is inapplicable to criminal cases.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge, did not preside in this case, but W. C. WELLS acted as Judge *pro hac vice.*

Upon the trial of this indictment for assault with intent to commit murder, at which the plaintiff in error was convicted, the judge of the court being disqualified, and unable to procure the service of another judge by interchange, announced his purpose to appoint by lot, in the manner provided by the statute, a member of the bar to act as judge. The defendant objected; his objection was overruled and he excepted.

*M. Dabney,* for the plaintiff in error.

The statute providing for the selection of a special judge, where the judge of the court is disqualified (Code 1871, § 536), does not apply to criminal cases. *Peter* v. *State*, 6 How. 326. The Act of 1840, relating to Chancery Courts, and that of Feb. 5, 1841 (1841, p. 217), which extends it to Circuit Courts, are more general in their language than the Code of 1871. Manifestly, if the statutes embraced criminal cases, they would be unconstitutional. The clause of the statute, providing for the selection of a lawyer by lot, is not intended

to cover prosecutions for crime. The trial in this case was, therefore a nullity. *Wright* v. *Boon*, 2 G. Greene, 458; *Smith* v. *Frisbie*, 7 Iowa, 486.

*T. C. Catchings*, Attorney General, for the State.

An inspection of the act of 1840 (Hutch. Code, 772) shows that the case of *Peter* v. *State*, 6 How. 326, is not in point. The difference between that act and Code 1871, § 536, is so great as to remove the latter beyond the reach of that decision. The fourth article of chapter eight of the Code relates to the circuit judge, and there is nothing in § 536 to indicate that it should be restricted to civil cases. It was intended to apply in criminal and civil cases alike. The ruling of the circuit judge was right. As to the constitutionality of the statute, see *Grinstead* v. *Buckley*, 32 Miss. 148.

CHALMERS, J., delivered the opinion of the court.

We think that Code 1871, § 536, which provides for the selection of a special judge by lot from among the members of the bar when the circuit judge is disqualified, was not intended to apply to criminal cases. It speaks of the judge being incompetent " in any cause " in his court and of " the parties litigating in such cause." If this language is broad enough to embrace criminal prosecutions, it is hardly fit language for the purpose. It seems more probable that the High Court of Errors and Appeals having, in the case of *Peter* v. *State*, 6 How. 326, intimated that such a statute would be unconstitutional if applied to criminal prosecutions, the legislature designed to apply it to civil cases only. We are not to be understood as expressing any opinion upon the legislative power to enact such a provision with regard to criminal cases, but only as declaring that the present statute does not embrace them.

*Reversed and remanded.*